UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BERKLEY ASSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-2082 CAS |
| ) | |
| BMG SERVICE GROUP LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Berkley Assurance Company's motion for default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, against defendant BMG Service Group LLC ("BMG"). Plaintiff brought this action against defendants BMG, Boulevard RE Holdings LLC ("Boulevard"), Jon E. Fuhrer Company ("Fuhrer"), Lucia Hevierova ("Hevierova"), and Edwin-Claude, Inc. ("Edwin-Claude"), seeking a declaratory judgment regarding fire coverage under a commercial property insurance policy.

Defendant BMG was served with copies of the Summons and Complaint on December 28, 2018. Defendant BMG did not file an answer or otherwise respond to the Complaint. On February 13, 2019, the Clerk of Court entered default against defendant BMG, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Thereafter, plaintiff moved for entry of default judgment.

Default judgments are not favored in the law, United States ex rel. Time Equipment Rental and Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir.

1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2018); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

The Eighth Circuit has held that "[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. . . . to avoid the problems of dealing with inconsistent damage determinations[.]" Pfanensteil Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 433 (8th Cir. 1992). Further, in cases where *multiple defendants are similarly situated*, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits. 10 Moore's § 55.36[2]; Frow v. De La Vega, 82 U.S. 552 (1872). This principle is designed to avoid inconsistent verdicts.

According to the complaint, plaintiff issued a commercial property insurance policy (the "policy") to defendant BMG. The policy lists defendant Fuhrer as a mortgage holder of the property covered by the policy. Pursuant to a deed of trust attached to the complaint, defendant Hevierova may also be a mortgage holder. Defendants BMG and Boulevard entered into a contract for deed

2

of the property prior to the fire giving rise to the insurance claim. Subsequent to the fire, defendant Edwin-Claude placed a lien against insurance proceeds.

Based on these facts, it is possible the defaulting defendant may be similarly situated to one or more of the non-defaulting defendants. If a default judgment were entered at the present time against defendant BMG, there could be a possibility of inconsistent verdicts. Plaintiff's motion for default judgment fails to address this potential issue. As a result, the Court finds that at this point in litigation it would inappropriate to grant plaintiff's motion for default judgment against defendant BMG.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment against defendant BMG Service Group LLC is **DENIED** without prejudice. [Doc. 32]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of February, 2019.