UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BERKLEY ASSURANCE COMPANY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-CV-2082 CAS |
| BMG SERVICE GROUP LLC, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Berkley Assurance Company's motion to strike defendant Edwin-Claude, Inc.'s ("Edwin-Claude") pleadings. Defendant Edwin-Claude has not responded and the time to do so has passed. For the following reasons, the Court will grant plaintiff's motion to strike.

**I. Background**

On December 13, 2018, plaintiff filed this action against defendants BMG Service Group LLC ("BMG"), Boulevard RE Holdings LLC ("Boulevard"), Jon E. Fuhrer Company ("Fuhrer"), Lucia Hevierova ("Hevierova"), and Edwin-Claude, seeking a declaratory judgment regarding fire coverage under a commercial property insurance policy. Plaintiff alleges it issued a commercial property insurance policy to defendant BMG under policy number VUMA0151020 (the "policy"). The policy lists defendant Fuhrer as mortgage holder of the property. Pursuant to a deed of trust attached to the complaint, defendant Hevierova may also be a mortgage holder. Defendants BMG and Boulevard entered into a contract for deed of the property prior to the fire that gives rise to the insurance claim. Subsequent to the fire, defendant Edwin-Claude placed a lien against insurance proceeds.

On August 7, 2019, counsel for defendant Edwin-Claude filed a motion to withdraw from its representation. On August 19, 2019, the Court issued an Order stating it would not grant the motion to withdraw until defendant Edwin-Claude obtained new counsel and warning default judgment may be entered if it failed to comply:

> Edwin-Claude, Inc. is a corporation that cannot appear pro se. Therefore, this defendant must secure new counsel, or be possibly subject to a default judgment entered in favor of plaintiff. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporation was technically in default as of the time its counsel withdrew); R. Maganlal & Co. v. M.G. Chem. Co., Inc., 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996) ("Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel."). Defendant Edwin-Claude, Inc. cannot file any papers or motions in this case except through a licensed attorney. The Court will withhold ruling on the motion to withdraw for a period of thirty days from the date of this order, to allow defendant time to obtain substitute counsel. If defendant fails to obtain substitute counsel within the time allowed, the Court will consider the merits of the motion to withdraw.

Doc. 56.

The Order instructed defendant Edwin-Claude to have new counsel enter an appearance by September 18, 2019. No entry of appearance was made on behalf of defendant Edwin-Claude by the Court-ordered deadline. On September 19, 2019, the Court granted the motion to withdraw of Edwin-Claude's counsel and ordered "plaintiff to file motions to strike defendant Edwin-Claude's pleadings . . . within thirty days of the date of this Order." Doc. 68.

**II. Discussion**

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice § 12.37[2] (3rd ed. 2018). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad

discretion of the Court.  Id.  A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel.  Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).  A corporate defendant is technically in default on the date a court permits counsel to withdraw because a corporation cannot proceed pro se.  Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996).  "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Woods v. KC Masterpiece, 2006 WL 1875524, at *1 (E.D. Mo. June 30, 2006) (quoting R. Maganlal & Co. v. M.G. Chem. Co ., Inc., 1996 WL 715526, at *2 (S.D.N.Y. Dec. 12, 1996)); see United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 2014 WL 5017923, at *2 (E.D. Mo. Oct. 7, 2014) (answer and counterclaim stricken as a result of corporation's failure to retain substitute counsel); SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc., 2014 WL 241920, at *1 (E.D. Mo. Jan. 22, 2014) (same).

Based on the foregoing, the Court will strike defendant Edwin-Claude's Answer, the only pleading it filed in this matter.  Defendant Edwin-Claude has failed to comply with this Court's Order of August 19, 2019 or seek an extension.  Based on this inaction, it is apparent Edwin-Claude will not comply with the Court's Order in the future.

Accordingly,

**IT IS HEREBY ORDERED** that  plaintiff Berkley Assurance Company's motion to strike defendant Edwin-Claude, Inc.'s pleadings is **GRANTED**. [Doc. 73]

**IT IS FURTHER ORDERED** that defendant Edwin-Claude, Inc.'s Answer is **STRICKEN** from the record. [Doc. 24]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to Edwin-Claude, Inc., c/o Paul Abrams, 11426 South Forty Drive, St. Louis, Missouri 63131.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this <u>23rd</u> day of October, 2019.