IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | | |
|---|---|---|
| BERKLEY ASSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:18-CV-02082 |
| | ) | |
| BMG SERVICE GROUP LLC dba, | ) | |
| THE BOULEVARD  et al. | ) | |
| | ) | |
| Defendants, | ) | |

## DEFENDANT BOULEVARD RE HOLDINGS RESPONSE TO BERKLEY ASSURANCE COMPANY, JON FUHRER COMPANY, AND LUCIA HEVIEROVA'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Boulevard RE Holdings, by and through undersigned counsel and pursuant to Local Rule

7-4.01(E), provides the following Answers to the Statement of Uncontroverted Material Facts as

well as Additional Material Facts in Response to the Motion for Summary Judgment:

1.      Boulevard RE Holdings, LLC ("Boulevard RE") is the owner of property located

at 2543 N. Grand Ave., St. Louis, Missouri ("the Property").  See Plaintiff's Complaint (Doc.

#1), ¶ 21 and Ex. D thereto (Doc. #1-5).

**ANSWER: Admit.**

2.      At all relevant times, Boulevard RE had a Contract for Deed to sell the Property

to BMG Service Group, LLC d/b/a The Boulevard Grill and Bar Venue ("BMG").  See

Plaintiff's Complaint (Doc. #1), ¶ 21 and Ex. D thereto (Doc. #1-5).

**ANSWER: Admit that Boulevard RE Holdings had a Contract for Deed on 6/23/17 and**

**thereafter.**

3.      The Contract for Deed provided that BMG would make monthly payments toward

a purchase price of $1,275,000 and Boulevard RE would retain legal title until the purchase price

was paid in full.  See Plaintiff's Complaint (Doc. #1), Ex. D thereto (Doc. #1-5), pp. 1-2. Case:

4:18-cv-02082-CAS   Doc. #:  81   Filed: 11/06/19   Page: 1 of 6 PageID #: 461

**ANSWER: Admit.**

4. Boulevard RE has represented itself to Berkley as a "lender" to BMG for a "loan

payoff" of $1,251,005.85.  See Plaintiff's Complaint (Doc. #1), ¶ 41 and Ex. N thereto (Doc. #1

15).

**ANSWER: Admit.**

5. Boulevard RE is not a lender to BMG.  See Plaintiff's Complaint (Doc. #1), ¶ 21

and Ex. D thereto (Doc. #1-5).

**ANSWER: Denied.  A contract for deed is a form of owner financing. *See Ryan v.**

***Spiegelhalter*, 64 S.W. 3d 302 (Mo., 2002) citing *Long v. Smith* 776 S.W.2d 409, 413 (Mo.**

**App.1989).**

6. Boulevard RE does not have a loan to BMG to be paid off.  See Plaintiff's

Complaint (Doc. #1), ¶ 21 and Ex. D thereto (Doc. #1-5).

**ANSWER: Denied. *See* Berkley Production, BER001329-39 "Monthly Amortization**

**Schedule" attached hereto as Defendant's Exhibit 14.**

7. Boulevard RE has filed a Third-Party Petition herein claiming that Mixon

Insurance Agency ("Mixon") was instructed by Boulevard RE, through BMG, to be identified as

a mortgagee on any policy issued to BMG insuring the Property.  See Boulevard RE's Third

Party Complaint (Doc. #61), ¶¶ 5, 7, 8, 9, and 20.

**ANSWER: Admit.**

8. Boulevard RE was not a mortgagee of or for the Property.  See Plaintiff's

Complaint (Doc. #1), ¶ 21 and Ex. D thereto (Doc. #1-5).

**ANSWER: Denied.** *See* **Plaintiff's Complaint Ex. D (Doc. #1-5) and** *Miller v. National*
*Union Fire Ins. Co*. **386 S.W. 2d 688 (Mo. App., 1964).**

9. In its Contract for Deed, Boulevard RE contracted for BMG to maintain, at its
own expense, fire insurance in the amount of $1,275,000 with the policy of insurance to be
issued in the name of Boulevard RE.  See Plaintiff's Complaint (Doc. #1), ¶ 21 and Ex. D thereto
(Doc. #1-5), p. 3.

**ANSWER: Admit.**

10. BMG failed to obtain a policy of property insurance issued in the name of Boulevard
RE.  See Plaintiff's Complaint (Doc. #1), ¶ 20 and Ex. A thereto (Doc. #1-2).

**ANSWER: Admit.**

11. BMG operated a bar and grill at the Property.  See Plaintiff's Complaint (Doc. #1),
Ex. F thereto (Doc. #1-7), page 4.

**ANSWER: Admit.**

12. On or about July 3, 2017, Berkley issued the binder for Policy No. VUMA0151020
("the Policy") insuring the Property for named insured BMG with mortgagee, Jon E. Fuhrer
Company (Fuhrer).  See Affidavit of Chris Anderson attached hereto as Exhibit 1, ¶ 8, and
attachment B thereto.

**ANSWER: Admit.**

13. Fuhrer is a mortgagee of and for the Property.  See Plaintiff's Complaint (Doc. #1),
Ex. B thereto (Doc. #1-3).

**ANSWER: Admit.**

14. Fuhrer was identified as the only mortgagee on the Policy issued with the Binder.
See Affidavit of Chris Anderson attached hereto as Exhibit 1, attachment B thereto.

**ANSWER: Admit.**

15. Fuhrer was identified as mortgagee on the Policy issued by Berkley.  See Plaintiff's Complaint (Doc. #1), Ex. A thereto (Doc. #1-2).

**ANSWER: Admit.**

16. Hevierova is a mortgagee of or for the Property.  See Plaintiff's Complaint (Doc. #1), Ex. C thereto (Doc. #1-4).

**ANSWER: Admit.**

17. Hevierova is not listed as a mortgagee on the Policy.  See Plaintiff's Complaint (Doc. #1), Ex. A thereto (Doc. #1-2).

**ANSWER: Admit.**

18. Berkley issued the Policy pursuant to an amended application and quotation for insurance dated May 18, 2017, which requested that the Policy be issued to named insured BMG with Fuhrer as mortgagee.  See Affidavit of Chris Anderson attached hereto as Exhibit 1, ¶ 8, and attachment A thereto.

**ANSWER: Denied.  *See* signed ACORD documents that were sent in an email requesting to bind the policy "inclusive of any changes noted below" and noting "Attached Subjectivities: -Signed ACORD Application" BER000182-183 & BER000196-199, attached hereto as Defendant's Exhibit 7 & 8.**

19. On June 30, 2017, Mixon sent BMG a detailed quote for the Policy.  See Affidavit of Lynn Hursh attached hereto as Exhibit 2, ¶ 4, and attachment A thereto.

**ANSWER: Admit.**

20. The June 30, 2017 binder with the Policy identified BMG as named insured and Fuhrer as mortgagee.  See Affidavit of Lynn Hursh attached hereto as Exhibit 2, ¶ 4, and

attachment A thereto and Affidavit of Chris Anderson attached hereto as Exhibit 1 and
attachment B thereto.

**ANSWER: Deny that the 7/3/17 binder as shown in Exhibit 1 and attachment B thereto
shows Fuhrer as mortgagee.  Admit that it shows BMG as a named insured.**

21. On June 30, 2018, the Property (the structure on the Property) was destroyed by
fire.   See Plaintiff's Complaint (Doc. #1), ¶ 30 and Ex. F thereto (Doc. #1-7).

**ANSWER:  Admit.**

22. The Property (the structure on the Property) would not have been destroyed by
fire if the automatic sprinkler in the structure had been operative.  See Plaintiff's Complaint
(Doc. #1), ¶¶ 31-33, and Ex. F thereto (Doc. #1-7).

**ANSWER: Denied. This is an opinion and the documents cited do establish an absence of a
genuine dispute.**

23. The automatic sprinkler system in the structure was not operative at the time of
the fire.  See Plaintiff's Complaint (Doc. #1), ¶¶ 31-33, and Ex. F thereto (Doc. #1-7).

**ANSWER: Denied.  *See* Exhibit J of Plaintiff's Complaint (Doc. 1-11).**

24. The water supply to the automatic sprinkler system was disconnected at the time
of or prior to the fire.  See Plaintiff's Complaint (Doc. #1), ¶¶ 31-33, and Ex. F thereto (Doc. #1-
7).

**ANSWER: Denied. *See* Exhibit J of Plaintiff's Complaint.  (Doc. 1-11).**

25. After the fire, on September 4, 2018, in its Sworn Statement in Proof of Loss,
BMG again represented to Berkley that it was the owner of the Property.  See Plaintiff's
Complaint (Doc. #1), Ex. G thereto (Doc. #1-8).

**ANSWER: Admit.**

26. The Berkley Policy excludes coverage for loss by fire if the automatic sprinkler system is inoperative.  See Plaintiff's Complaint  (Doc. #1), ¶ 13, and Ex. A thereto (Doc. #1-2), pp. 56-57.

**ANSWER: Admit with respect to the named insured only.**

27. In the Contract for Deed, BMG agreed to obtain fire insurance in the name of Boulevard RE.  See Plaintiff's Complaint (Doc. #1), ¶ 21, and Ex. D thereto (Doc. #1-5), p. 3.

**ANSWER: Admit.**

28. "You" in the Policy refers to the named insured.  See Plaintiff's Complaint (Doc. #1), Ex. A thereto (Doc. 1-2), p. 12.

**ANSWER: Admit.**

29. The Fire Protective Safeguard Endorsement requires the named insured to maintain the automatic sprinkler system as a condition to this insurance.  See Plaintiff's Complaint (Doc. #1), Ex. A thereto (Doc. #1-2), p. 56.

**ANSWER: Admit.**


**BOULEVARD RE HOLDINGS' ADDITIONAL MATERIAL FACTS IN RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT**


1. In May of 2017 Versus Underwriting had insurance policy underwriting authority from Berkley Assurance Company. *See* Exhibit A of Plaintiff's Complaint (Doc. #1-2) p.9.

**ANSWER**:

2. On 5/16/17 an ACORD 125 form titled "Commercial Insurance Application" which listed BMG Service Group as an applicant, was sent to Versus Underwriting on behalf of

BMG Service Group's agent, Mixon Insurance Company. *See* Berkley Production, BER000013-16 attached hereto as Defendant's Exhibit 1.

**ANSWER**:

3.  The 5/16/17 "Commercial Insurance Application" indicated that property, liquor liability, and commercial general liability sections were attached to the application and that Boulevard RE Holdings was to be listed as an additional insured. *See* Berkley Production, BER000013-14 attached hereto as Defendant's Exhibit 1.

**ANSWER**:

4.  Sent with the 5/16/17 "Commercial Insurance Application" was an ACORD 140 "Property Section" which listed "Jon E Fuhrer Company (Building) & Lucia Hevierova (BPP)" as loss payees.  *See* Berkley Production, BER000025 attached hereto as Defendant's Exhibit 2.

**ANSWER**:

5.  On 5/17/17 Versus Underwriting sent an email stating that the building insurance limits needed to be increased in order for the application to be considered. *See* Berkley Production, BER000005 attached hereto as Defendant's Exhibit 3.

**ANSWER**:

6.  On 5/17/17 Versus Underwriting received an email requesting that the building insurance limits be increased to $1,000,000. *See* Berkley Production, BER000005 attached hereto as Defendant's Exhibit 3.

**ANSWER**:

7. On 5/18/17 Versus Underwriting replied to the request to increase the building insurance limits and stated, "Please forward ACORD 140 for firm quote" *See* Berkley Production, BER000001 attached hereto as Defendant's Exhibit 4.

**ANSWER**:

8. On 5/18/17 a new ACORD 140 "Property Section" was sent via email to Versus Underwriting which increased the requested building insurance limits and listed Jon E Fuhrer Company as a mortgagee. *See* Berkley Production, BER000055& 57 attached hereto as Defendant's Exhibit 5.

**ANSWER**:

9. On 5/18/17 a quote for the policy in question was emailed by Versus Underwriting. *See* Berkley Production, BER000099-140 attached hereto as Defendant's Exhibit 6.

**ANSWER**:

10. The 5/18/17 quote indicated that it was subject to receipt and review of a "signed and dated ACORD application, Required Within 30 Days of Binding" *See* Berkley Production, BER000101-102 attached hereto as Defendant's Exhibit 6.

**ANSWER**:

11. The 5/18/17 quote did not mention additional insureds, mortgagees or loss payees. *See* Berkley Production, BER0000100-140 attached hereto as Defendant's Exhibit 6.

**ANSWER**:

12. On 6/30/17 a request to bind insurance coverage was sent via email to Versus Underwriting. *See* Berkley Production, BER000182-183 attached hereto as Defendant's Exhibit 7.

**ANSWER**:

13. The 6/30/17 request to bind insurance coverage noted that the request was "Subject to the Property quotation provided and inclusive of any changes noted below".  *See* Berkley Production, BER000183 attached hereto as Defendant's Exhibit 7.

**ANSWER**:

14. The request to bind insurance coverage included a new signed and dated ACORD 125 "Commercial Insurance Application" which listed Boulevard RE Holdings as an additional insured.  *See* Berkley Production, BER000196-199 attached hereto as Defendant's Exhibit 8.

**ANSWER**:

15. The request to bind insurance coverage also included a new ACORD 140 "Property Section" form which stated "see attached accord (sic) form 45" under the "Additional Interests" section. *See* Berkley Production, BER000200 attached hereto as Defendant's Exhibit 9.

**ANSWER**:

16. The attached ACORD 45 "Additional Interest Schedule" included with the request to bind insurance coverage showed Boulevard RE Holdings as a loss payee and mortgagee. *See* Berkley Production, BER000201attached hereto as Defendant's Exhibit 10.

**ANSWER**:

17. The only signed and dated ACORD document received by Versus Underwriting pertaining to the policy in question was the one sent on 6/30/17. *See* Berkley Production, BER000196-199 attached hereto as Defendant's Exhibit 8.

**ANSWER**:

18. On 7/3/17 Versus Underwriting responded to the email requesting to bind the policy and stated "Please note we will need the following within 30 days of Binding: 1. Five years currently valued loss history 2. Signed and dated ACORD application 3. Signed TRIA disclosure". *See* Berkley Production, BER000202 attached hereto as Defendant's Exhibit 11.

**ANSWER**:

19. In response to the email from Versus Underwriting requesting a signed and dated ACORD application, Versus Underwriting received an email that stated "Please see the attached ACORD and TRIA.  Awaiting loss runs." *See* Berkley Production, BER000427 attached hereto as Defendant's Exhibit 12.

**ANSWER**:

20. On July 5th, 2017 an email was sent from Versus Underwriting which stated "subjectivities received on this one and placed in file.  Please note we had requested five years loss runs.  This is a new purchase.  I have turned off subj requirement." *See* Berkley Production, BER000450 attached hereto as Defendant's Exhibit 13.

**ANSWER**:

21. The policy in question, including the declarations page, does not mention "additional

   insureds".  *See* Exhibit A of Plaintiff's Complaint (Doc. #1-2).

**ANSWER**:


THE SUMMARY LAW FIRM

*/s/ Justin Summary*
Justin K. Summary, MO57439
4542 W. Pine Blvd.
St. Louis, MO 63108
(314) 361-5678
(314) 828-8292 (fax)


**PROOF OF SERVICE**

   I hereby certify that on December 6th, 2019, the foregoing was filed electronically with
the Clerk of the Court and served by operation of the Court's electronic filing system upon all
parties of record.

   _____
              */s/ Justin Summary*
              Attorney for Boulevard RE Holdings